IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| JUDD MCMANUS,<br>　　　　Plaintiff,<br><br>　　v.<br><br>U.S. IMMIGRATION AND CUSTOMS<br>ENFORCEMENT,<br>　　　　Defendant. | No: 1:22-cv-00345–MSN-IDD |

**MEMORANDUM OPINION**

This matter comes before the Court on Defendant's Motion to Dismiss for Lack of Jurisdiction (Dkt. No. 15) and Motion for Judgment on the Pleadings (Dkt. No. 16). Upon consideration of the motions, and for the reasons set forth below, this Court will grant Defendant's motions.

**I.      BACKGROUND**

Plaintiff Judd McManus is employed by Defendant United States Immigration and Customs Enforcement ("ICE"). McManus alleges that ICE instituted a policy requiring unvaccinated employees undergo COVID-19 testing or otherwise face progressive disciplinary action. (Dkt. No. 1 (Compl.) at 5). McManus alleges that he requested an exemption from the testing requirement. *Id.* Notwithstanding that request, on Saturday, March 19, 2022, McManus received from ICE a package containing COVID-19 testing kits and "was immediately taken [a]back and beyond disgusted." *Id.* McManus alleges that "[b]y Sunday morning, [he] developed a stye in [his] right eye." *Id.*

On March 28, 2022, McManus filed the complaint in this action.[1] In the Complaint, McManus alleges that ICE violated the Federal Tort Claims Act, 28 U.S.C. § 1346(b) ("FTCA"), and the Age Discrimination Act of 1975, 42 U.S.C. § 6102. *Id.* Given that the Age Discrimination Act of 1975, 42 U.S.C. § 6102, concerns discrimination in programs receiving federal financial assistance and is therefore inapplicable, the Court presumes that McManus intends to bring a claim under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 633a, which concerns age discrimination against federal employees.

McManus moved for default judgment against ICE on June 21, 2022 (Dkt. No. 3), but that motion was denied (Dkt. No. 7). On September 1, 2022, ICE filed a motion to dismiss pursuant to Rule 12(b)(2) for lack of personal jurisdiction and Rules 12(b)(5) and 4(m) for failure to timely serve ICE. (Dkt. No. 8). McManus did not file an opposition to that motion to dismiss on the docket, but ICE filed a notice that its office received a document entitled "Plaintiff's Motion in Opposition to Defendant's Motion to Dismiss," with that document attached as an exhibit. (Dkt. No. 11). On September 22, 2022, ICE filed a reply to McManus's opposition. (Dkt. No. 12). That motion is currently pending.

On November 9, 2022, ICE filed a Motion to Dismiss for Lack of Jurisdiction (Dkt. No. 15) and a Motion for Judgment on the Pleadings (Dkt. No. 16). To date, McManus has not filed responses to these motions, and his time to do so has lapsed.[2] The Court is satisfied that oral argument would not aid in the decisional process. Accordingly, this matter is ripe for resolution.

---

[1] McManus also filed a separate complaint on March 29, 2022, which generally concerns a COVID-19 vaccine countdown clock that the Department of Homeland Security posted on its internal website. *McManus v. Dep't of Homeland Security*, No. 1:22-cv-346 (MSN/IDD). This Court dismissed the complaint in that action.

[2] Although a plaintiff "waives the right to contest the arguments made [in a motion to dismiss]" when he fails to respond to the motion, *Prince v. Clarke*, No. 2:17-cv-007, 2018 WL 2033700, at *6 (E.D. Va. Mar. 21, 2008) (citing *Westry N. Carolina AT&T State Univ.*, 286 F. Supp. 597, 600 (M.D.N.C. 2003), *aff'd*, 94 F. App'x 184 (4th Cir. 2004)), a district court "nevertheless has an obligation to review the motion[] to ensure that dismissal is proper," *Stevenson v. City of Seat Pleasant, Md.*, 743 F.3d 411, 416 n.3 (4th Cir. 2014). The Court notes that it has considered the merits of the arguments raised by McManus in Dkt. No. 11-1, which was submitted in opposition to the November 9, 2022 motions filed by ICE addressing service issues, but which primarily addressed the merits of his allegations.

## II.   LEGAL STANDARD

### A.   RULE 12(b)(1)

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges a court's jurisdiction over the subject matter of the suit. A challenge under Rule 12(b)(1) may be facial or factual. *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). Under a facial challenge, the defendant argues "that a complaint simply fails to allege facts upon which subject matter jurisdiction can be based." *Id.* Under this kind of challenge, "the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Id.* If a defendant challenges the factual predicate of the court's subject matter jurisdiction, the defendant may attack "the existence of subject matter jurisdiction in fact, quite apart from any pleadings." *White v. CMA Const. Co., Inc.*, 947 F. Supp. 231, 233 (E.D. Va. 1996) (cleaned up). Under this scenario, the court "may then go beyond the allegations of the complaint and resolve the jurisdictional facts in dispute by considering evidence outside the pleadings." *U.S. ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 348 (4th Cir. 2009) (citing *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)).

### B.   RULE 12(c)

Under Federal Rule of Civil Procedure 12(c), a party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). A Rule 12(c) motion for judgment on the pleadings "is appropriate when all material allegations of fact are admitted in the pleadings and only questions of law remain." *Wells Fargo Equip. Fin., Inc. v. State Farm Fire & Cas. Co.*, 805 F. Supp. 2d 213, 216 (E.D. Va. 2011). A motion for judgment on the pleadings pursuant to Rule 12(c) is analyzed under the same standard as a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss. *Burbach Broad. Co. of Del. v. Elkins Radio Corp.*, 278 F.3d 401, 405–06 (4th Cir. 2002); *Edwards v. City of Goldsboro*, 178

F.3d 231, 243 (4th Cir. 1999). Under this standard, the Court assumes the facts alleged in the Complaint are true and draws all reasonable inferences in a plaintiff's favor as the nonmoving party. *Burbach*, 278 F.3d at 405–06. Although the Court "take[s] the facts in the light most favorable to the plaintiff, . . . [the court] need not accept the legal conclusions drawn from the facts," and "need not accept as true unwarranted inferences, unreasonable conclusions or arguments." *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (quotation marks omitted). A complaint must allege "'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Unlike a Rule 12(b)(6) motion, courts "consider[] the pleadings (the complaint, answer, and any written instruments attached to those filings) and any documents that are 'integral to the complaint and authentic.'" *Nationwide Gen. Ins. Co. v. Staples*, No. 2:21CV401, 2022 WL 7284365, at *2 (E.D. Va. Sept. 7, 2022) (citation omitted).

Moreover, a complaint by a *pro se* plaintiff should be liberally construed. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). But the Court's "task is not to discern the unexpressed intent of the plaintiff." *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006). A *pro se* complaint must still "contain sufficient facts 'to raise a right to relief above the speculation level' and 'state a claim to relief that is plausible on its face.'" *Hundley v. Thomas*, 719 F. App'x 250, 251 (4th Cir. 2018) (quoting *Twombly*, 550 U.S. at 555, 570).

### III.   ANALYSIS

#### A.   FTCA CLAIM

The Court finds that it lacks subject matter jurisdiction over the FTCA claim because McManus failed to exhaust his administrative remedies before seeking relief in this Court. The FTCA represents a limited waiver of the federal government's sovereign immunity for certain torts. 28 U.S.C. §§ 1346(b), 2671 *et seq*. As such, the FTCA requires anyone pursuing an FTCA

claim to exhaust administrative remedies before seeking relief on that claim in federal court. *McNeil v. United States*, 508 U.S. 106 (1993); *Kokotis v. U.S. Postal Service*, 223 F.3d 275, 278 (4th Cir. 2000); *see also* 28 U.S.C. § 2675(a) (barring federal court litigation unless the plaintiff has "first presented the claim to the appropriate Federal agency and his claim [has] been finally denied by the agency . . . ."). A claimant exhausts his administrative remedies by providing (1) a written statement "sufficiently describing the injury to enable the agency to begin its own investigation," *GAF Corp. v. United States*, 818 F.2d 901, 905 (D.C. Cir. 1987), and (2) "a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death," 28 C.F.R. § 14.2(a); *see also Ahmed v. United States*, 30 F.3d 514, 516–17 (4th Cir. 1994). Standard Form 95 ("SF-95") is the preferred method for a claimant to "present" his FTCA claim to the appropriate federal agency. *See* 28 C.F.R. § 14.2(a); *Ahmed*, 30 F.3d at 516–17.

Exhaustion of remedies is a jurisdictional requirement that cannot be waived. *Kokotis*, 223 F.3d at 278. Here, McManus first filed a tort claim *after* he initiated this lawsuit. *See* Exs. A–B to Def. Mem. (Dkt. Nos. 17-1, 17-2). Because McManus must have filed an SF-95 or equivalent *prior* to initiating this lawsuit, the Court lacks subject matter jurisdiction over the FTCA claim. *McNeil*, 508 U.S. at 112 ("Congress intended to require complete exhaustion of Executive remedies *before* invocation of the judicial process.") (emphasis added); *see also Messino v. McBride*, 174 F. Supp. 2d 397, 399 (D. Md. 2001) ("a plaintiff must have exhausted administrative remedies prior to filing suit" under the FTCA and "[c]ompletion of administrative proceedings after filing does not cure the defect, even if no substantive proceedings have yet taken place.").

The Court also finds subject matter lacking because the Civil Service Reform Act, 5 U.S.C. § 1201 *et seq.* ("CSRA"), precludes McManus's FTCA claim. The CSRA is a comprehensive remedial scheme that provides the exclusive remedy for employment-related tort claims brought by a federal employee. *See Gordon v. Gutierrez*, No. 1:06CV861, 2006 WL 3760134, at *2 (E.D.

Va. Dec. 14, 2006), *aff'd*, 250 F. App'x 561 (4th Cir. 2007) ("the Civil Service Reform Act . . . provides the exclusive remedy for employment-related tort claims of a federal employee") (cleaned up). "Under this preemption rule, FTCA claims that challenge federal employment decisions are barred." *Eastridge v. Brost*, No. CV TDC-18-3770, 2019 WL 2124895, at *2 (D. Md. May 15, 2019); *see also Hall v. Clinton*, 235 F.3d 202, 206 (4th Cir. 2000) ("CSRA precludes both Bivens actions and statutory claims arising out of federal employment relationship"); *Nguyen v. U.S. Dep't of Defense*, 39 F.3d 1178, 1994 WL 582642, at *1 (4th Cir. Oct. 25, 1994) ("A plaintiff may not avoid the CSRA by cloaking his lawsuit in the guise of an FTCA action.") (citation omitted). Here, McManus's FTCA claim turns on conduct alleged to have occurred in connection with his federal employment, and this Court finds that the claim is therefore precluded by the CSRA.

Accordingly, this Court lacks subject matter jurisdiction over the FTCA claim and dismisses the FTCA claim without prejudice.

**B.  ADEA CLAIM**

McManus also raises an age discrimination claim against ICE putatively in violation of the ADEA. Specifically, McManus alleges that he "is too young to retire" in order to avoid his employer's testing policy, and that the employer's policy thus favors "those over 50 that can just up and retire." Compl. at 5. McManus alleges that "ICE has not changed any 'requirements' for [those over 50], but for [McManus], they have trapped [him] in a terrible situation." *Id.* ICE moves for judgment on the pleadings on grounds that the ADEA claim is foreclosed by the Supreme Court's decision in *General Dynamics Systems, Inc. v. Cline*, 540 U.S. 581 (2004).

Entering judgment on the pleadings on McManus's ADEA claim is appropriate at this stage, given all material allegations of fact have been admitted in the pleadings and only questions on law remain. *See Wells Fargo*, 805 F. Supp. 2d at 216. Here, ICE has admitted the following

6

material facts: "that it sent COVID-19 testing kits to Plaintiff's home in Arlington, Virginia as part of ICE's COVID-19 Screening Testing Program for unvaccinated employees" (Dkt. No. 14 (Answer) ¶ 3); that McManus "requested a reasonable accommodation relating to the COVID-19 Screening Testing Program, which was pending at the time [he] received the COVID-19 testing kits" (*id.*); that "COVID-19 testing was mandatory for unvaccinated employees until August 22, 2022" (*id.* ¶ 4); that those who failed to comply with the program were subject to progressive discipline (*id.*). Based on ICE's admissions, the Court finds that no genuine dispute remains to the material facts concerning the ADEA claim. Drawing all reasonable inferences in McManus's favor, the Court agrees with ICE. In *General Dynamics*, the Supreme Court squarely concluded that the ADEA does not prohibit favoring older employees over younger employees. *Id.* at 600. McManus's ADEA claim cannot move forward in light of this decision. Accordingly, the Court grants the motion for judgment on the pleadings and dismisses the ADEA claim with prejudice.

IV.   **CONCLUSION**

For the reasons stated above, this Court will grant Defendant's Motion to Dismiss for Lack of Jurisdiction (Dkt. No. 15) and Motion for Judgment on the Pleadings (Dkt. No. 16) in an Order to be issued with this Memorandum Opinion.

/s/
Hon. Michael S. Nachmanoff
United States District Judge

Alexandria, Virginia
April 27, 2023